UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
COURTNEY BOYD,                     )
                                   )
            Plaintiff,[1]          )
                                   )
      v.                           )     Civil Action No. 15-0958 (ABJ)
                                   )
UNITED STATES OF AMERICA, *et al.*,)
                                   )
            Defendants.            )
_____)

# MEMORANDUM OPINION

This matter is before the Court on the defendants' Motion to Dismiss Plaintiff's Complaint [ECF No. 11] and the Plaintiff's Opposition to the Defendants' Motion to Dismiss, with Request for Summary Judgment in Light of the Valid Claims Being Presented [ECF No. 14]. The Court will deny the plaintiff's motion for summary judgment and construe the submission instead as an opposition to the defendants' motion to dismiss. For the reasons discussed below, the Court will dismiss the complaint.

## FACTUAL BACKGROUND

The plaintiff was one of seven criminal co-defendants prosecuted in the United States District Court for the Eastern District of Virginia. *See generally* Mot. to Dismiss Pl.'s Compl. ("Defs.' Mot."), Ex. 1 (Indictment, *United States v. Green*, No. 4:06cr5 (E.D. Va. filed Jan. 11, 2006) ("Indictment"). The criminal case "arose from a largely family-based, years-long drug

---

[1] Although Erica Steen Boyne is listed as a co-plaintiff, *see* Compl. at 6, Courtney Boyd is the only plaintiff who signed the complaint and submitted an application to proceed *in forma pauperis*. The Court deems Courtney Boyd the sole plaintiff in this action.

1

distribution network in which members of the conspiracy transported multi-kilogram quantities of cocaine by automobile from South Florida to the Tidewater Region of Virginia." *United States v. Green*, 599 F.3d 360, 363 (4th Cir. 2010). The plaintiff faced charges of "drug conspiracy, money laundering conspiracy, and use of a [telephone] in furtherance of the drug conspiracy, in violation of 21 U.S.C. § 846, 18 U.S.C. § 1956(h), and 21 U.S.C. § 843, respectively." *Id*.; *see generally* Indictment at 3-16 (Count Two).

The co-defendants were also charged with utilizing "various 'stash' locations to receive, store, wrap, package, and distribute marijuana, cocaine, cocaine base, and drug proceeds" in furtherance of the conspiracy, Indictment at 7, including a location in Miramar, Florida, *id*. at 8, where the plaintiff was said to have delivered several kilograms of cocaine. *See id*. at 12-14. In addition, the co-defendants "conducted financial transactions affecting interstate commerce," such as wire transfers and "the purchase, lease, financing, transfer and sale of personal and investment properties," with funds derived from drug distribution in a manner "designed . . . to conceal or disguise the nature, the location, the source, the ownership, or control of the proceeds . . . of [their] unlawful activity." *Id*. at 17. The indictment included a criminal forfeiture charge that, if the co-defendants were convicted of drug and money laundering conspiracies as charged in Counts Two and Three, certain property – including but not limited to the contents of two accounts at Washington Mutual Bank and real property in Williamsburg, Virginia and Miramar, Florida – was subject to forfeiture under 28 U.S.C. § 982(a)(1) and 21 U.S.C. § 853. *See* Indictment at 32-34.

On August 30, 2007, "[t]he jury returned guilty verdicts on both counts submitted to them as to Boyd: drug conspiracy and money laundering conspiracy." *Green*, 599 F.3d at 363; *see* Defs.' Mot., Ex. 2 (Criminal Docket for Case # 4:06-cr-00005) (Dkt. # 108). On December 7, 2007, "[t]he court sentenced [the plaintiff] to 360 months of imprisonment on the drug conspiracy

count and 240 months of imprisonment on the money laundering conspiracy count, to be served concurrently, and a period of supervised release." *Green*, 599 F.3d at 365; *see* Defs.' Mot., Ex. 2 (Minute entry on 12/07/2007).

On that same date, the sentencing court issued a Preliminary Order of Forfeiture directing forfeiture of the defendants' interests in certain real and personal property to the United States. *See generally* Defs.' Mot., Ex. 4 (Preliminary Order of Forfeiture, *United States v. Boyd*, No. 4:06cr5 (E.D. Va. filed Dec. 7, 2007)). The order directed the United States to publish notice of its intent to dispose of the property listed therein so that any person other than the plaintiff would have an opportunity to assert his or her interest in the property. *See id.*, Ex. 4 at 4. No one filed a petition asserting an interest in the forfeited property before the time period for doing so had expired, and on November 6, 2008, the sentencing court issued its final order. *See generally id.*, Ex. 5 (Final Order of Forfeiture, *United States v. Boyd*, No. 4:06cr5 (E.D. Va. filed Nov. 6, 2008)). The order noted the dates of publication of the Public Notice of Criminal Order of Forfeiture, and individuals believed to have had an interest in the forfeited property were notified in writing by certified mail. *Id.*, Ex. 5 ¶¶ 3-4. The sentencing court subsequently amended its order to exclude one property in Miramar, Florida which erroneously had been forfeited to the United States. *Id.*, Ex. 6 (Order Amending Final Order of Forfeiture Entered November 6, 2008, *United States v. Boyd*, No. 4:06cr5 (E.D. Va. filed Nov. 25, 2008)).

The plaintiff alleges that the "defendants have violated [his] Fourth Amendment right[s] by illegally and unlawfully seizing his property[] without probable cause and by way of fraud and fraudulent concealment." Compl. at 8. The property involved includes real estate in Florida and bank accounts. *See id.* at 9. The plaintiff also alleges that the "defendants violated [his] Fifth Amendment right to notice and [an] opportunity to be heard on [the] seizure and forfeiture of

property[.]" *Id*. at 8. According to the plaintiff, the seizures came about "[o]n unknown dates" when "agents of the Federal Bureau of Investigation[] . . . seized and/or placed liens on real property and bank accounts" belonging to him. *Id*. At no time, he alleges, did he receive a copy of a warrant, indictment, notice of a hearing or order of forfeiture. *Id*. at 9. For these alleged violations of constitutionally-protected rights, *see id*. at 8, the plaintiff brings this action against the United States of America, unknown agents of the Federal Bureau of Investigation ("FBI"), and unknown Assistant United States Attorneys. *Id*. at 6-7. He demands a declaratory judgment, and the return of his property, or alternatively, "compensation for his property in the event [that] his property is not returned and/or cannot be returned." *Id*. at 10.

ANALYSIS

I. Motion to Dismiss Under Rule 12(b)(3) for Improper Venue

The defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3) on the ground that venue in this district is improper. *See generally* Defs.' Mot. at 7-9. Although the plaintiff was advised of the consequences of his failure to respond to the defendants' motion, nowhere in his opposition does he address venue. "It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003); *see Hardaway v. District of Columbia*, No. 14-1273, 2015 WL 5138711, at *5 (D.D.C. Aug. 31, 2015), *aff'd*, No. 15-7095, 2016 WL 232009 (D.C. Cir. Jan. 4, 2016). In these circumstances, the Court treats the defendants' motion to dismiss for improper venue as conceded. But even if the Court were to consider the merits of the argument, the defendants would prevail.

4

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009) (citations omitted). The defendants may prevail on their Rule 12(b)(3) motion by "present[ing] facts that will defeat the plaintiff's assertion of venue." *Wilson v. Obama*, 770 F. Supp. 2d 188, 190 (D.D.C. 2011) (quoting *Khalil v. L-3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009)). However, as the defendants note, *see* Defs.' Mot. at 8, the complaint sets forth no facts that would establish that the District of Columbia is an appropriate venue for adjudication of the plaintiff's claims.

If, as in this case, a defendant is an officer or employee of the United States, venue is proper in the place where he resides, or in the place where "a substantial part of the events . . . giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(e)(1). Because the plaintiff does not identify the FBI agents and Assistant United States Attorneys allegedly responsible for the seizure of his property, the Court cannot determine whether any of these defendants can be found in the District of Columbia. None of the real property identified in the Indictment or subsequent sentencing court orders is located in the District of Columbia, and the complaint does not allege that any of the acts or omissions giving rise to the plaintiff's claims occurred in this district. For these reasons, the motion to dismiss for lack of venue is well taken.

II. Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim

The defendants also have moved to dismiss the complaint under Rule 12(b)(6) on the ground that it fails to state a claim upon which relief can be granted. *See* Defs.' Mot. at 12-13. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Browning v. Clinton*,

292 F.3d 235, 242 (D.C. Cir. 2002). A plaintiff need only provide a "short and plain statement of [his] claim showing that [he is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).[2] In considering such a motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, "the [C]ourt need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Ordinarily, a motion under Rule 12(b)(6) which relies on "matters outside the pleadings . . . presented to and not excluded by the court" should be treated as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Here, the defendants rely on matters of public record, particularly documents filed in the plaintiff's criminal case, to which the plaintiff refers in his complaint and of which the Court may take judicial notice. In these circumstances, the Court may consider these matters without converting the motion to one for summary judgment. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [it] may

---

[2] The defendants' motion dismiss on the ground that the complaint fails to meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a), *see* Defs.' Mot. at 11-12 is without merit, and therefore it will be denied.

6

take judicial notice.") (citation omitted); *Vanover v. Hantman,* 77 F. Supp. 2d 91, 98 (D.D.C. 1999) (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002).

The defendants point to the indictment, Preliminary Order of Forfeiture, Final Order of Forfeiture and Order Amending Final Order of Forfeiture entered November 6, 2008, all of which were filed in, and appear on the docket of, the plaintiff's criminal case. *See id.*, Ex. 3 at 3, 8, 10. On these "facts, as supported by documentary evidence," the defendants contend, "there is no merit to [the plaintiff's] claim of improper notice. Defs.' Mot. at 12.

The indictment lists specific property subject to forfeiture. *See* Indictment at 34. It does not appear that the plaintiff raised any objection to the indictment at trial or on direct appeal of his convictions. *See Green*, 559 F.3d at 372 ("Notably, Boyd has never raised any objection to the facial validity of the indictment itself[.]"). The Indictment also expressly states that the property subject to forfeiture "include[d] but [was] not limited to" the itemized assets. Indictment at 33. The Preliminary Order of Forfeiture not only contains similar language, *see* Defs.' Mot., Ex. 4 at 2, but also authorized the government "to conduct any discovery proper in identifying or locating the property subject to forfeiture." *Id.*, Ex. 4 at 4 ¶ 2.

The plaintiff responds that the "defendants['] motion to dismiss must be denied given the fact that the motion . . . is void of any contest to the fraud and fraudulent concealment claim." Pl.'s Opp'n to the Defs.' Mot. to Dismiss, with Request for Summ. J. in Light of the Valid Claims Being Presented ("Pl.'s Opp'n") at 1. The Court understands the plaintiff to be asserting that the defendants' failure to deny expressly his allegations of fraud and fraudulent concealment in their first filing amounts to an admission to the truth of his allegations. The plaintiff is mistaken.

7

Generally, defendants in a civil case must file an answer to the complaint stating their "defenses to each claim asserted against [them]" and either "admit[ting] or deny[ing] the allegations asserted against [them.]" Fed. R. Civ. P. 8(b)(1). The defendants' first filing need not be an answer, though. Under Rule 12, the defendants may file a motion arguing that the factual allegations of the complaint are legally deficient whether they are true or not, and the defendants invoked that rule here. It is legally sufficient and entirely proper for the defendants to file a motion under Rule 12(b) at this stage of the proceedings, particularly because the defenses they raise – improper venue under Rule 12(b)(3) and failure to state a claim under Rule 12(b)(6) – are waived if they "fail[] to either . . . make [them] by motion under [Rule 12,] or . . . include [them] in a responsive pleading[.]" Fed. R. Civ. P. 12(h)(1)(B). The defendants are not yet obligated to respond to the plaintiff's factual allegations, and they have not admitted to the truth of those allegations by filing a timely Rule 12 motion.

Next, the plaintiff asserts that the defendants were "not [in] compliance [with] the Constitutional and statutory right to probable cause and notice . . . prior to the seizure and forfeiture of [his] property." Pl.'s Opp'n at 1. He faults the defendants for their alleged failure to demonstrate probable cause, *id*. at 2, or to proffer "any judicial determinations that probable cause existed." *Id*. The plaintiff fails to cite any authority for the proposition that an independent probable cause determination should have been made, and his argument is not consistent with the law governing forfeiture proceedings.

"Criminal forfeiture is not an independent substantive offense, nor is it even an element of an offense. It is instead 'an aspect of punishment imposed following conviction of a substantive criminal offense.'" *United States v. Day*, 416 F. Supp. 2d 79, 84 (D.D.C. 2006) (quoting *Libretti v. United States*, 516 U.S. 29, 39 (1995), *aff'd in part on other grounds and rev'd in part on other*

8

*grounds*, 524 F.3d 1361 (D.C. Cir. 2008). Because criminal forfeiture is an aspect of sentencing, the standard of proof for forfeiture determinations is a preponderance of the evidence. *United States v. DeFries*, 129 F.3d 1293, 1312-13 (D.C. Cir. 1997). The "determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). Here, the sentencing court fairly could base its determination on the fact that the plaintiff had been convicted by a jury of the underlying drug trafficking and money laundering offenses. And the sentencing court's Preliminary Order of Forfeiture clearly states that the drug and money laundering activities generated gross profits of $18 million, and that "forfeiture of property representing proceeds of the offenses of conviction, facilitating property, and substitute assets" was warranted under to 21 U.S.C. § 853 and 18 U.S.C. § 982. Defs.' Mem., Ex. 4 at 1-2.

Third, the plaintiff argues that the records from his criminal case "are void of any notice being given to [him] prior to the seizure of [his] property." Pl.'s Opp'n at 1. The plaintiff does not specify the type, timing or content of the notice he maintains he should have received, but Federal Rule of Criminal Procedure 32.2 requires that an "indictment . . . contain[] notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2(a). It goes on to provide that the indictment "need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." *Id*. Here, the indictment contained not only a separate criminal forfeiture charge, but also a preliminary non-inclusive list of property subject to forfeiture. Thus, the plaintiff cannot plausibly allege that the government fraudulently concealed its intention to forfeit the plaintiff's property or that it otherwise deprived the plaintiff of notice of the forfeiture. *See United States v. Ferguson*, 385 F. App'x 518, 529 (6th Cir. 2010)

9

(rejecting defendant's argument that he did not receive notice that cash was subject to forfeiture where count in superseding indictment met requirements of Fed. R. Crim. P. 32.2(a)).

Finally, the plaintiff claims that the forfeiture of his property did not comply with 18 U.S.C. § 985(d)(1)(A), which calls for notice and a hearing prior to the seizure of real property, as well as a court order prior to forfeiture. Pl.'s Opp'n at 3. His reliance on § 985 is misplaced, though, because this statute pertains to civil forfeiture of real property. The plain language of the indictment indicates that the forfeiture of the plaintiff's property was being sought pursuant to criminal forfeiture statutes 21 U.S.C. § 853(p) and 18 U.S.C. § 982(a)(1), and not the civil forfeiture statute cited by the plaintiff. Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for Summ. J. at 8.

## CONCLUSION

The Court concludes that the plaintiff's complaint fails to state a claim upon which relief can be granted. Even if the complaint adequately had stated a claim, venue in this district is improper. Accordingly, the Court will grant the defendants' motion to dismiss. An Order is issued separately.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: July 22, 2016